UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00033-FDW

| | |
|---|---|
| ANGEL S. MILLER, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) |

THIS MATTER is before the Court on the parties' cross motions for summary judgment. (Doc. Nos. 13, 16). On March 2, 2015, Plaintiff Angel S. Miller filed her complaint against the Defendant Commissioner seeking judicial review of Defendant's denial of her application for Social Security Period of Disability, Disability Insurance, and Supplemental Security Income benefits. (Doc. No. 1). Plaintiff then filed her Motion for Summary Judgment on August 28, 2015. (Doc. No. 13). On October 26, 2015, Defendant also moved for Summary Judgment. (Doc. No. 16). As explained below, Plaintiff's Motion is GRANTED in part.

### I.    BACKGROUND

On February 8, 2011, Plaintiff first filed a Title XVI application for supplemental security income disability benefits. Plaintiff originally alleged on onset date of May 16, 2010 and November 30, 2012, respectively, and her date last insured ("DLI") is December 15 2015. (Doc. No. 13 at 1). Plaintiff alleged in her first application she was disabled due to bipolar disorder, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and a metal plate in her left tibia. (Doc. No. 13 at 2).

1

Plaintiff's first application was denied, and rather than appeal the unfavorable decision, Plaintiff filed a second application for disability benefits on November 11, 2011, alleging a disability onset date of March 15, 2010. (Doc. No. 13 at 1-2). In her second application, Plaintiff alleged she was disabled due to bipolar disorder, PTSD with severe disassociation, ADHD, and a knee injury. (Doc. No. 13 at 2). At the hearing for her second application for disability benefits before an ALJ, Plaintiff orally amended her onset date to June 16, 2012. (Doc. No. 13 at 2). On September 6, 2013, the ALJ issued an unfavorable decision. (Doc. No. 17 at 3). On December 31, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. (Doc. No. 17 at 3). Plaintiff filed a complaint with this Court seeking review of this final decision. (Doc. No. 1). Both parties now move for summary judgment. (Doc. Nos. 13, 16).

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Rather, this Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal citations omitted).

The Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as "'more than a scintilla and [it] must do more

2

than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that a reviewing court does not reweigh the evidence, nor substitute its judgment for that of the Commissioner, so long as the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. ANALYSIS

Plaintiff's first assignment of error argues that the Fourth Circuit's decision in Mascio v. Colvin[1] requires remand, in part, because "the ALJ's treatment of Ms. Miller's assessed deficiencies in concentration, persistence or pace was inadequate." (Doc. No. 13 at 5.) Mascio held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d 632, 638 (4th Cir. 2015). The court distinguished the "ability to perform simple tasks from the ability to say on task," and explained that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. The Fourth Circuit remanded the case because it found that moderate limitations in concentration, persistence, and pace are not

---

[1] 780 F.3d 632 (4th Cir. 2015).

adequately accounted for in the RFC by only limiting the claimant to "simple, routine tasks or unskilled work." Id.

Applying these legal principals to the record now before the Court, the undersigned concludes that this matter should be remanded for a new hearing. The Court first notes that Mascio was decided two weeks *after* Plaintiff filed her Complaint in this Court, and, thus, the ALJ acted without the benefit of Mascio's guidance. The Court further notes that, despite this, the ALJ did not limit Plaintiff to only "simple, routine, and repetitive tasks" to account for her moderate difficulties in concentration, persistence or pace when conducting his Residual Functional Capacity ("RFC") analysis. Rather, the ALJ also limited Plaintiff to work "involving only occasional work-related decisions, occasional changes in the workplace, occasional interaction with coworkers and supervisors, and interaction with the public for less than 2 hours per day." (Tr. 20). Last, the Court notes that it has affirmed, post-Mascio, the decisions of ALJs that limited the plaintiff to simple, routine, repetitive tasks at a "nonproduction pace" when conducting the RFC assessment of claimants with moderate difficulties in concentration, persistence or pace. See Linares v. Colvin, 2015 WL 4389533, at *4.

However, the ALJ here neglected to include any reference to "nonproduction pace" in his formulation of Plaintiff's RFC. Nor did the RFC analysis make any other specific reference to Plaintiff's moderate difficulties in concentration, persistence or pace. It is, at best, unclear whether the nonexertional limitations[2] propounded by the ALJ are sufficient, in whole or in part, to account for a limitation in concentration, persistence or pace. If they are not, then the only RFC restriction flowing from Plaintiff's mental limitations is the restriction to simple, routine, repetitive tasks. (Tr. 20). Even if supported by substantial evidence, this restriction, standing alone, does not

---

[2] Specifically, work involving only occasional work-related decisions, occasional changes in the workplace, occasional interaction with coworkers and supervisors, and interaction with the public for less than 2 hours per day.

4

account for a limitation in concentration, persistence or pace. See Mascio, 780 F.3d, at 638.

Perhaps on remand, the ALJ can clarify how the limitations employed in the RFC assessment satisfy Mascio's requirements, or, as in Mascio, "can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace . . . does not translate into a limitation in [her] residual functional capacity." 780 F.3d, at 638. Either way, the Court finds remand on this issue appropriate. The Court declines to address Plaintiff's other assignments of error at this time.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that, pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing Defendant's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), the Court hereby remands this case to Defendant, for further administrative proceedings and development. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Shalala v. Schaefer*, 509 U.S. 292 (1993).

IT IS SO ORDERED.

Signed: December 10, 2015

Frank D. Whitney
Chief United States District Judge