UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTHCAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00033-FDW

| ANGEL S. MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Amended Motion for Attorney's Fees (Doc. No. 22) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In addition to attorney's fees, the Motion also seeks to recover costs associated with this litigation. Upon review of Plaintiff's Motion and supporting materials, and for the reasons set forth below, the Motion is GRANTED, WITH MODIFICATION, IN PART and DENIED IN PART.

**I. PROCEDURAL BACKGROUND**

On March 2, 2015, Plaintiff filed a Complaint in this Court for review of an unfavorable decision on her application for Social Security Disability Insurance Benefits. (Doc. No. 1). On March 24, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. No. 3). Plaintiff and Defendant filed cross motions for Summary Judgment. (Doc. Nos. 13 and 16, respectively). On December 10, 2015, the Court remanded the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with

1

the decision.[1]  (Doc. No. 18).  On December 23, 2015, Plaintiff timely filed an Amended Motion for Attorney's Fees in response to the remand order.  (Doc. No. 22).  The Motion seeks attorney's fees pursuant to § 2412(d) of the EAJA.  (Id.).

## II.     STANDARD OF REVIEW

The EAJA provides that a district court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action" against the United States, or an agency thereof, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  When the court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is properly considered the prevailing party.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

While the EAJA includes a limited abrogation of the United States' sovereign immunity for the purpose of the recovery of a prevailing parties' costs, it does so "[e]xcept as otherwise provided by statute."  28 U.S.C. § 2412(a).  The *in forma pauperis* statue, 28 U.S.C. § 1915(f), is one such statute limiting recovery of costs under the EAJA.  In cases where the plaintiff proceeds *in forma pauperis*, "the United States shall not be liable for any of the costs . . . incurred" in the lawsuit.  28 U.S.C. § 1915(f).

Any award of attorney's fees under the EAJA must be "reasonable" with respect to both the number of hours claimed and the hourly rate charged.  See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).  "Reasonable" attorney's fees are defined by the statute as the "prevailing market rates for the kind and quality of services

---

[1] Specifically, the case was remanded to resolve any purported conflicts between the non-exertional limitations propounded by the ALJ in the analysis of Plaintiff's Residual Functional Capacity and the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

furnished . . ." 28 U.S.C. § 2412(d)(2)(A).  However, the Court has broad discretion to determine what constitutes a reasonable fee award.  See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).  The EAJA further imposes a cap on the allowable hourly rate such that "attorney fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A). (emphasis added).  The decision to make an upward adjustment of the statutory cap is a matter within the Court's sound discretion.  Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Supreme Court has held that attorney's fees awarded under the EAJA are payable to the prevailing party and not to the prevailing party's attorney, and that such fees are subject to the offset of any preexisting debt the prevailing party may owe to the government.  See Astrue v. Ratliff, 560 U.S. 586, 587-88 (2010).  Plaintiffs are, of course, still free to enter "contractual and other assignment-based" arrangements that confer upon the attorney the right to payment of the fee award that is statutorily given to the prevailing plaintiff.  Id. at 588.  Where, as here, plaintiffs enter such an arrangement with counsel (Doc. No. 20-2) and attorney's fees are awarded, Ratliff requires the Commissioner to first determine whether Plaintiff owes a debt to the United States.  If so, the debt is satisfied first and the remaining funds, if any, are distributed directly to the plaintiff.  See Ratliff, 560 U.S. at 588.

### III. DISCUSSION

In light of the Court's prior remand of this matter under Sentence Four of 42 U.S.C. § 405(g), Plaintiff is properly considered a "prevailing party" in this action.  See Shalala, 509 U.S. at 302; Hensley, 461 U.S. at 433.  Defendant does not dispute Plaintiff is a prevailing party.  (Doc. No. 22, ¶ 2; Doc. No. 24).  Neither does Defendant contend that the position adopted by the Social

Security Administration in this matter was "substantially justified" nor that special circumstances exist which would make the award of attorney's fees unjust. (See Doc. No. 22, ¶¶ 3-4; Doc. No. 24).

However, Defendant does object to Plaintiff's request for reimbursement of $424.00 in costs because Plaintiff proceeded *in forma pauperis* and 28 U.S.C. §1915(f) bars the United States' liability for costs incurred by prevailing *in forma pauperis* litigants. (Doc. No. 24). Plaintiff neither addressed this issue in her Motion nor raised any objection to the Commissioner during the LR 7.1(B) conference preceding the filing of the Commissioner's opposition to the award of costs in this case. (Doc. No. 24, ¶ 4). Regardless, the Court finds the Commissioner's position concerning the interaction of 28 U.S.C. § 2412 and 28 U.S.C. § 1915(f) to be correct. Therefore, the Court concludes that Plaintiff is not entitled to a reimbursement of costs, but is entitled to an award of attorney's fees under the EAJA.

Having determined that Plaintiff is entitled to a fee award, the Court now turns to the issue of the amount to be awarded. Plaintiff's Amended Motion and the affidavit of Plaintiff's counsel represent that Plaintiff's counsel expended a total of 30.7 hours pursuing this case. (Doc. No. 22, ¶ 8; Doc. No. 20-1, ¶ 4). Plaintiff further represents that the parties "have agreed to an award of $5,400.00 in full satisfaction of any and all claims for attorney fees for legal services rendered" under the EAJA. (Doc. No. 22, ¶ 9). Based on these representations, Plaintiff seeks an hourly rate of $175.90.[2]

Upon review of Plaintiff's itemized time sheet (Doc. No. 20-1, ¶ 4), the Court takes no issue with the amount of hours claimed. However, Plaintiff's Motion fails to articulate any justification—i.e. cost of living increases or other special factor— for an upward departure from

---
[2] $5,400 divided by 30.7 hours = $175.895765/hr

the statutorily prescribed $125.00 per hour rate.[3]  Indeed, Plaintiff's Motion does not even acknowledge that the requested hourly rate is an upward departure from the rate allowed by § 2412.  Rather, Plaintiff argues only that "[t]here are no special circumstances making an attorney's fees award unjust."  (Doc. No. 22, ¶ 4).

The mere absence of special circumstances that would render attorney's fees unjust does not equate automatically to the presence of "a special factor" justifying a higher fee.  This is particularly true where the statutory language of the EAJA evinces no Congressional intent to create any mechanism for automatic rate increases—pegged to inflation or any other economic factor—in § 2412.  Cf. 18 U.S.C. § 3006A.  It is, instead, the Plaintiff's burden to persuade the Court by some affirmative evidence, rather than by negative inference, to use its discretion to apply an hourly fee higher than that allowed by statute.  Plaintiff's bald conclusion that "[$5,400.00] is fair compensation for the time expended on this matter," (Doc. No. 20-1, ¶ 5), even coupled with Defendant's ostensible acquiescence, is not enough.

Accordingly, the Court finds that upward adjustment is not justified in this case.  An award of attorney's fees consistent with the maximum hourly rate allowed by the EAJA is therefore appropriate.  Based upon the hourly rate of $125.00 for 30.7 hours spent, the Court concludes that a recalculated fee of Three Thousand Eight Hundred Thirty-Seven Dollars and Fifty Cents ($3,837.50) is justified.

The Plaintiff has attached to the Motion a copy of the fee agreement entered into with her counsel in which she assigns any attorney's fee award pursuant to the EAJA directly to counsel. (Doc. No. 20–2).  The Court finds that the Commissioner should accept the assignment by

---

[3] When Courts in this district have permitted upward adjustments of the statutory hourly rate, the plaintiffs have proffered supporting evidence (e.g. the Bureau of Labor's Consumer Price Index) for their calculations.  See Elliott v. Astrue, 2012 WL 3191027 (W.D.N.C. Aug. 3, 2012); Deitz v. Astrue, 2011 WL 4368377 (W.D.N.C. Sept. 19, 2011); Senechal v. Astrue, 2011 WL 1843189 (W.D.N.C. May 16, 2011).

Plaintiff of the awarded fees to her attorney and shall pay that award of fees directly to Plaintiff's counsel; provided, however, it is shown that as of the date of this Order, Plaintiff does not owe any debt to the United States Government which is subject to offset. Ratliff, 560 U.S. at 587-88. In the event that Plaintiff does, in fact, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff instead of to her attorney.

## IV.     ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Motion for Attorney's Fees under the EAJA (Doc. No. 22) is hereby GRANTED, WITH MODIFICATION, IN PART and DENIED IN PART as stated herein and the Plaintiff is hereby awarded attorney's fees in the amount of Three Thousand Eight Hundred Thirty-Seven Dollars and Fifty Cents ($3,837.50) which sum is in full satisfaction of any and all claims by Plaintiff in this case pursuant to EAJA, 28 U.S.C. § 2412(d), and subject to the limitations set forth herein.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Provided that Plaintiff does not owe any debt to the United States Government which is subject to offset, the Commissioner shall honor the Assignment of fees. In the event that Plaintiff does, however, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff instead of to her attorney.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS FURTHER ORDERED** that the sum of Four Hundred Twenty-Four Dollars and No Cents ($424.00) requested for the reimbursement of costs is DENIED.

**IT IS SO ORDERED.**

Signed: January 8, 2016

Frank D. Whitney
Chief United States District Judge