UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00033-FDW

| | |
|---|---|
| ANGEL S. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANY A. BERRYHILL, ) | |
| Acting Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Angel S. Miller's Motion for Attorney's Fees (Doc. No. 26) pursuant to 42 U.S.C. § 406(b). Defendant neither supports nor opposes the Motion. (Doc. No. 27).

The Social Security Act provides that a "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). However, if the Court has already awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), counsel representing the claimant must refund to the claimant the smaller of the fees. See generally Stephens v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009).

Upon review of a motion for attorney fees under section 406(b) seeking an award not in excess of 25 percent of the past due benefits, the Court reviews the contingency fee agreement between the claimant and counsel for reasonableness. See Mudd v. Barnhart, 418 F.3d 424, 428

1

(4th Cir. 2005). "[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

In the case at bar, Plaintiff, through counsel, seeks an award of $9,837.50 in attorney's fees with the stipulation that upon receipt of the payment Plaintiff's counsel will refund to Plaintiff $3,837.50 in fees previously awarded under the EAJA Plaintiff, through counsel, contends such an award is proper as calculated under the lodestar method, multiplying counsel's total time devoted to the case, 64.6 hours, by counsel's hourly fee of $152.28.[1] (Doc. No. 26, p. 3).

Defendant filed a response to the motion (Doc. No. 27) noting that under Gisbrecht v. Barnhart it is the duty of the Court to determine a reasonable fee. 535 U.S. at 807 ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.") In Gisbrecht, the Court determined that through section 406(b) Congress intended to provide a clear boundary line: "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id.

On February 3, 2018, following the ALJ's decision in favor of Plaintiff, Defendant determined Plaintiff was entitled to an award of $36,089.62 in past due benefits on her Title XVI claim. Accordingly, counsel's request for $9,837.50 in attorney's fees exceeds 25% of past-due benefits by approximately $800.[2] Furthermore, Plaintiff's lodestar calculation inappropriately

---

[1] Plaintiff had previously signed a retainer agreement with her counsel agreeing to assign any attorney's fees received under the EAJA, plus authorized an additional fees if the case was successful on remand up to $6,000. She executed a new agreement with counsel authorizing fees up to 25% of her past due benefits. (Doc. No. 26, p. 3).
[2] 25% of $36,089.62 is $9,022.41.

2

includes hours expended by Plaintiff's counsel at the administrative level.[3] Time expended by counsel at the administrative level is a factor in the fee reasonableness determination but is not to be included as part of the hours compensated under a section 406(b) petition. See Gisbrecht, 535 U.S. at 794; see also Mudd, 418 F.3d at 427.

IT IS THEREFORE ORDERED that Plaintiff's counsel shall be awarded fees under 42 U.S.C. § 406(b) in the amount of $9,022.41 (25% of Plaintiff's past-due benefits).

IT IS FURTHER ORDERED that Plaintiff's counsel shall refund to Plaintiff $3.837.50, the amount of the EAJA fee awarded in this case.

IT IS SO ORDERED.

Signed: April 24, 2018

Frank D. Whitney
Chief United States District Judge

---

[3] In reviewing Plaintiff's affidavit (Doc. No. 26-5) it appears that 35.7 hours were expended by counsel in her representation of Plaintiff before this Court while 28.9 were expended at the administrative level.